UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. GHOLAM A. PEYMAN, | * | CIVIL ACTION |
| Plaintiff | * | 02-3332 |
| | * | |
| VERSUS | * | NO. |
| | * | |
| OPTOBIONICS MERGER | * | SECTION SECT. J MAG. 2 |
| CORPORATION, | * | MAGISTRATE |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Dr. Gholam A. Peyman ("Dr. Peyman" or "plaintiff"), plaintiff, through his counsel of record, avers:

**PARTIES**

1. Dr. Peyman is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

2. Optobionics Merger Corporation ("Optobionics"), a corporation organized under the laws of the State of Delaware, and having its principal place of business in the State of Illinois, is made a defendant.

**JURISDICTION**

3. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

(1)

4. Based on the complete diversity of citizenship between Dr. Peyman and Optobionics, jurisdiction over these claims arises under 28 USC 1332.

5. Alternatively, jurisdiction may be based on 28 USC 1331 and/or 28 USC 1338 to the extent that any claim arises under any Act of Congress relating to patents or unfair competition, or to any question of federal law.

## VENUE

7. A substantial part of the events or omissions giving rise to these claims occurred within this juridical district.

8. Optobionics is subject to the jurisdiction of this Court by reason of its regular business and other contacts with Dr. Peyman and the State of Louisiana.

9. Venue within this judicial district is proper based on 28 USC 1391, and any other applicable law.

## CLAIMS

10. In 2000, Dr. Peyman and Optobionics signed a document entitled "Device Evaluation Agreement."

11. On April 10, 2001, Dr. Peyman filed patent application serial number 09/832,269 entitled "Retinal Treatment Method," which shall be referred to herein as the "'269 application."

12. By letter dated October 25, 2002, Optobionics demanded that Dr. Peyman assign his rights, title and interest in the '269 application to Optobionics based on the Device Evaluation Agreement.

13. Pursuant to 28 USC 2201-2202 and any other applicable law, Dr. Peyman seeks a judgment declaring that: the '269 application is not subject to, and is outside of the scope of, the

Device Evaluation Agreement; and, Dr. Peyman has no obligation to assign any right, title or interest in or concerning the '269 application to Optobionics.

16. Dr. Peyman further seeks a judgment declaring that any action or conduct by Optobionics to restrain Dr. Peyman from exercising his lawful profession and trade based on the Device Evaluation Agreement violates of Louisiana Revised Statutes 23:921(A)(1) and any other applicable law.

15. To the extent that any other laws are applicable to the claims set forth herein, Dr. Peyman pleads and reiterates his claims, as set forth above, under any such other laws.

16. Dr. Peyman seeks such declaratory relief, damages and other relief as may be just and reasonable under the circumstances, or allowed by any applicable law or equity.

**WHEREFORE,** Dr. Gholam A. Peyman, plaintiff, through his counsel of record, prays that after due proceedings that there be judgment in his favor and against Optobionics Merger Corporation for the declaratory relief, damages and other relief requested and described in the Complaint, together with any interest, costs and expenses allowed by law, and any further general and equitable relief allowed by law.

Respectfully submitted:

*[signature]*

GEORGE D. FAGAN (#14260)
Leake & Andersson, L.L.P.
1700 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-1701
Tel. (504) 585-7500
Fax: (504) 585-7775

(3)

**PLEASE ISSUE SUMMONS TO:**

Optobionics Merger Corporation,
through its agent for service of process,
Michael P. Cannon
191 Palamino Place
Wheaton, Illinois 60187
Tel. (630) 690-9740